IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CAROLE J. COGAR,

    Plaintiff,

v.                                              CIVIL ACTION NO. 2:06-CV-29

LINDA S. McMAHON,
ACTING COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

## PROPOSED MEMORANDUM/OPINION AND ORDER

The plaintiff, Carole J. Cogar, instituted this action on March 7, 2006, seeking judicial review pursuant to **42 U.S.C. Section 405 (g)** of an adverse final decision of the Defendant dated 8/14/05. The Defendant filed the Answer and Transcript on May 10, 2006 and May 11, 2006 [Documents 6 & 7]. Plaintiff filed her Motion for Summary Judgment and supporting Memorandum with an Appendix to the Memorandum on June 9, 2006 [Documents 9 & 10]. Defendant filed her Motion for Summary Judgment and supporting Memorandum on September 21, 2006 [Document 13]. On October 16, 2006 the Court referred the matter to Magistrate Judge James E. Seibert for proposed finding of facts and recommended disposition.

On February 27, 2007 the Magistrate Judge filed a Report and Recommendation [Document 15]. The plaintiff had contended that the ALJ erred (1) in failing to specify whether Plaintiff could perform her past relevant work as she specifically performed it or as it is generally performed in the national economy; (2) in failing to specify whether Claimant could perform past relevant work as a legal secretary, as a secretary, or both; (3) in failing to adequately discuss the

evidence regarding Plaintiff's need for a sit/stand option; (4) in failing to consider whether Plaintiff's past work still exists, and (5) in making erroneous factual statements. The Defendant contended that (1) the ALJ properly determined that Plaintiff could perform her past relevant work ; (2) that Plaintiff did not require a sit/stand option, (3) that some of the statements of the ALJ that Plaintiff alleged were factually incorrect were in fact correct; (4) that although the ALJ did make some factual errors that these were harmless errors. The Magistrate Judge recommended that (1) it was not necessary for the ALJ to specify whether Plaintiff could perform past work as performed in the past or as generally required by employers in the national economy, because Plaintiff would not be disabled by either of these disjunctive tests, by referencing the DOT the ALJ had clearly found that the Plaintiff could perform past work as generally performed in the national economy and the decision was not confusing in this regard; (2) that by referencing the DOT the ALJ clearly determined that Plaintiff could perform past work as a secretary; (3) that the ALJ's failure to include a sit/stand option in the RFC finding was not supported by substantial evidence in view of (a) the ALJ's failure to explain the significant amount of medical evidence supporting such a need, (b) the ALJ's apparent misunderstanding of the applicable law and the failure to consider evidence relevant because it was produced after the last insured date when this did not mean the evidence was automatically irrelevant, (c) the extreme weight afforded the RFC of a non-examining physician prior to the date last insured while minimizing the assessment of the treating physician , and (d) the ALJ's assessment of Plaintiff's activities of daily living was insufficient to provide substantial support for his RFC finding ; (4) that is irrelevant whether past work still exists pursuant to **Barnhart v. Thomas 540 U.S. 20, 23-29 (2003)**; (5) that the factual misstatements regarding past work in the ALJ decision

alleged by Plaintiff were not misstatements or were harmless and supported the finding that Plaintiff left her job as a secretary of her own will. The Magistrate Judge recommended that the Defendant's Motion for Summary Judgment be DENIED and the Plaintiff's Motion for Summary Judgment be GRANTED and the matter REMANDED to the Commissioner for further consideration of Plaintiff's alleged limitations regarding sitting.

On 3/13/07 Defendant filed Objections to the Report and Recommendation [Document 16]: (1) that the Magistrate Judge (a) did not apply the appropriate standard of review but reweighed the evidence, weighing it differently than the ALJ, and overlooked or discounted the substantial evidence which supported the decision and (b) discounted the significance of the date last insured. (2) that the ALJ's failure to include a sit/stand option in the RFC was supported by substantial evidence; (3) that the ALJ appropriately considered the RFC assessment of the State Agency Consulting Physician Franyutti; and (4) the ALJ properly considered the date last insured in reviewing the evidence.

Plaintiff filed a Response to the Defendant's Objections on March 20, 2007 [Document 17] and responded that the ability to perform past relevant work was the primary issue in the case because the Plaintiff, at fifty-five years of age when last insured, would be disabled under **Rule 202.06, Appendix 2, 20 C.F.R. Part 404** at either light or sedentary exertion if unable to perform past relevant work and lacking skills readily transferable skills to a significant range of semi-skilled or skilled light work within her functional capacity or readily transferable to sedentary jobs requiring very little, if any, vocational adjustment required in terms of tools, work processes or the industry, and that (1) the Magistrate Judge (a) was correct in examining *de novo* the factual findings of the ALJ that supported the ALJ's RFC assessment and properly found that

Page 3 of 5

the ALJ had not adequately explained his findings in view of the amount of evidence contra to his factual findings; (b) properly found that the ALJ did not utilize the correct legal standards in weighing evidence generated after the last insured date; (2) that the Magistrate Judge properly found that substantial evidence did not support the ALJ's failure to include a sit/stand option in the Plaintiff's RFC; (3) that the Magistrate Judge was correct in finding that the ALJ did not utilize correct legal standards in weighing the opinion evidence of Dr. Franyutti and that of the treating physician, and (4) that because the Magistrate Judge found that the RFC assessment of the ALJ was not supported, it followed that the finding that Plaintiff could perform past relevant work was not supported.

## Findings of the Court

Pursuant to 28 U.S.C. Section 636 (b)(1)(C) this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which an objection is made. After reviewing the Report and Recommendation, the Defendant's Objections, the Plaintiff's Response, and the entire administrative record:

1. **The Court finds** that the Magistrate Judge utilized the correct legal standards and did not improperly reweigh the evidence.

2. **The Court finds** that substantial evidence does not support the ALJ's RFC finding when the ALJ failed to explain why he gave no weight to the large amount of evidence supporting the claimant's difficulties in sitting.

3. **The Court finds** that substantial evidence does not support the ALJ's RFC finding when he misunderstood the significance of evidence generated after the last insured date and utilized incorrect legal standards in weighing the opinion evidence.

4. **The Court finds** that substantial evidence does not support the ALJ's failure to include a sit/stand option in the Plaintiff's RFC.

5. **The Court finds** that because substantial evidence does not support the ALJ's RFC finding, it follows that there is lack of substantial support for the ALJ's finding that the Plaintiff could perform past relevant work and was therefore not disabled.

It is therefore ORDERED that the Defendant's Motion for Summary Judgment be DENIED and the Plaintiff's Motion for Summary Judgment be GRANTED. The final decision of the Commissioner dated 8/14/05 is hereby REVERSED and the matter REMANDED to the Commissioner for further consideration consistent with the findings of the Court.

ENTER: September 28, 2007

United States District Judge